# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **E.K., O.K., & G.B.**

**No. 15-0605** (Clay County 14-JA-63, 14-JA-64, & 14-JA-65)

**FILED**

November 23, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother S.B., by counsel Kevin W. Hughart and Christen M. Justice, appeals the Circuit Court of Clay County's June 15, 2015, order terminating her parental rights to two-year-old E.K., one-year-old O.K., and six-year-old G.B. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael W. Asbury, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without considering less-restrictive dispositional alternatives.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, Petitioner Mother entered into a protection plan with the DHHR under which she agreed to find safe, suitable housing for her and her children by November 5, 2014. By November 10, 2014, petitioner had failed to comply with that protection plan, and, on that date, the DHHR filed an abuse and neglect petition against her and the children's biological father, J.K. The DHHR alleged in that petition that petitioner and J.K failed to provide a safe, suiting home for the children; engaged in domestic violence that affected their parenting; used marijuana while caring for the children; and had been found to be abusing parents in a 2011 abuse and neglect proceeding.

On November 17, 2014, the circuit court held a preliminary hearing. At the outset of that hearing, petitioner waived her right to contest the children's continued custody with the DHHR. The circuit court accepted petitioner's waiver, but also ordered petitioner to remain drug free and to submit to drug screens. On December 4, 2014, petitioner failed to submit to a drug screen as

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

directed. Petitioner also failed to meet with her service provider in November of 2014, which delayed the beginning of the DHHR's parental services for several weeks.

In mid-December of 2014, the circuit court held an adjudicatory hearing. Petitioner stipulated to abuse and neglect of the children by using marijuana while caring for the children; failing to provide a home with running water, electricity, or gas; engaging in domestic violence in the children's presence; and failing to correct the conditions that led to the 2011 abuse and neglect proceedings. Petitioner also admitted that she would test positive for marijuana if drug screened that day. Based on the foregoing stipulations, the circuit court adjudicated petitioner as an abusing parent and set the matter for disposition.

In January of 2015, at the time set for disposition, the circuit court granted petitioner's motion for a post-adjudicatory improvement period. The services offered as part of her improvement period included classes for parenting and adult life skills. The circuit court further ordered that petitioner remain drug and alcohol free, submit to drug screens, find suitable housing in sixty days, and not reside with anyone due to her history of domestic violence.

In April of 2015, the circuit court held a final hearing. By the time of this hearing, petitioner had not visited with her children since January of 2015, and she had completed only three classes for parenting and adult life skills. Evidence established that petitioner had resided with a man in a hotel from at least February of 2015 until March of 2015 in violation of the circuit court's order not to reside with anyone. Sometime thereafter, she moved by herself into a trailer in Montgomery, West Virginia. A Child Protective Services ("CPS") worker testified that petitioner's trailer was not suitable for children and needed extensive repairs. Petitioner testified that she intended to repair the trailer to suitable condition on her own, despite her lack of experience repairing the issues at hand (particularly electrical repairs) and her lack of income because she was not employed. At the conclusion of the hearing, the circuit court revoked petitioner's improvement period and moved to disposition. The circuit court ultimately found no reasonable likelihood that petitioner could substantially correct the conditions at issue and that the children's welfare required termination. Based on those findings, by order entered in June of 2015, the circuit court terminated her parental rights to all three children. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first assigns error to the circuit court's revocation of her post-adjudicatory improvement period and resulting termination of her parental rights to the children. With regard to termination of an improvement period, we have held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [subject parent] is making the necessary progress." Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993); *see also* West Virginia Code § 49-6-12 (providing circuit courts discretion in granting/denying improvement periods to respondent parents). Further, with regard to the consideration of evidence in these proceedings, "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

In this case, petitioner stipulated to the allegations in the petition, and the circuit court granted her a post-adjudicatory improvement period. However, both before and during that improvement period, petitioner failed to comply with the majority of the circuit court's orders. She failed to provide a drug screen as directed in early December of 2014. She completed only three parenting and adult life skills classes in as many months. She resided with another person in direct violation of the circuit court's order not to reside with anyone. She failed to maintain contact with the DHHR for much of February and March of 2015, and, importantly, she failed to obtain suitable housing or employment. It is unclear what steps, if any, petitioner had taken by April of 2015 to improve the conditions that led to the instant abuse and neglect. Given the circumstances presented herein, we find that the circuit court was well within its discretion to terminate petitioner's improvement period for failure to comply its terms and conditions.

Moreover, while petitioner argues that termination of her parental rights was not the least-restrictive dispositional alternative in this matter, the record on appeal supports the circuit court ruling. We have explained that "[t]ermination . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). We have also made clear that West Virginia Code §§ 49-6-12(b), 49-6-12(c), and 49-6-5(c) grant circuit courts discretion in determining whether to permit improvement periods as less-restrictive dispositional alternatives to termination in abuse and neglect proceedings. Further, "courts are not required to exhaust every speculative possibility of parental improvement before terminating parental rights where it appears that the welfare of the child will be seriously threatened . . . ." Syl. Pt. 1, in part, *In Re: R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980). As noted above, petitioner failed to comply with the circuit

court's orders or the terms and conditions of her improvement period. In addition to other concerns apparent from the record, she failed to find suitable housing or employment in the many months these children were removed from her care. At the time of disposition, petitioner continued to have no suitable means to provide even appropriate shelter for these children. The evidence established that that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings. Therefore, no less-restrictive dispositional alternatives were necessary.

Petitioner lists a second assignment of error in her brief to this Court: that the circuit court erred in denying her a post-adjudicatory improvement period. However, petitioner provides no argument or citation to law or fact in the body of her brief in support of her second assignment of error. This Court has previously stated that "issues . . . mentioned only in passing but [ ] not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) (citations omitted). Moreover, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides that a petitioner's brief

> must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Because petitioner fails to satisfy Rule 10(c)(7), we decline to consider the merits of any alleged error with regard to the circuit court denying petitioner a post-adjudicatory improvement period. Notwithstanding our ruling on this issue, we note that petitioner was, in fact, granted a post-adjudicatory improvement period. Therefore, her contention that the circuit court erred in granting her such an improvement period is fatally flawed given the clear record on appeal. We would find no merit to that claim.

For the foregoing reasons, we find no error in the circuit court's June 15, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis

4

Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II